# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| DEBORAH ELLIS AND LANDSCAPES IN LEARNING, INC. D/B/A THE LEARNING TREE | PLAINTIFF |
| v. | No. 4:04CV287 |
| MISSISSIPPI STATE DEPARTMENT OF HEALTH; MISSISSIPPI STATE BOARD OF HEALTH; DR. F.E. THOMPSON, JR.; FESTUS SIMKINS; INGRID DAVE-WILLIAMS; DIANE HERRING; THERESA PATTON; CYNTHIA LESURE; DOROTHY GASTON; AND RICKY BOGGIN | DEFENDANTS |

## CONSOLIDATED WITH

| | |
|---|---|
| DEBORAH ELLIS and CHILD CARE SYSTEMS d/b/a SUSIE M. BROOKS CHILD CARE FACILITY and d/b/a THE LEARNING TREE | PLAINTIFFS |
| V. | CASE NO. 4:06CV004 |
| TERESA PATTON and TINA MOORE | DEFENDANTS |

## ORDER

The court concludes that it should abstain from considering any requests for injunctive relief in this case for the following reasons:

1. In her second complaint filed in this matter, plaintiff makes mention of various Constitutional provisions in the context of her discussion of alleged shortcomings of the Mississippi State Department of Health (MSDH) in regulating Mississippi day care facilities in general and her facility in particular. However, it has become increasingly clear to this court that the dispute between the parties in this case is more in the nature of a petty personal squabble than any dispute involving genuine federal

Constitutional issues. In her complaint and brief, plaintiff flatly asserts that the manner in which the MSDH is performing its job violates the U.S. Constitution, but she provides no persuasive authority which would lead this court to conclude that the U.S. Constitution requires or authorizes this court to second-guess administrative regulations and/or inspections of the MSDH based upon the allegations in this case. Accordingly, this court would be very much disinclined to grant the injunctive relief sought in the complaint, even if the court were to hear this case.

2. The Mississippi State Department of Health is an agency of the state of Mississippi, and the decisions of this agency are subject to appellate review by the State Health Officer, by a chancery court, and eventually by the Mississippi Supreme Court. At some point in the lengthy and varied litigation between these parties, plaintiff appears to have lost interest in pursuing the state court remedies which are available to her. Indeed, as the court has noted previously, plaintiff's appeal of a prior order of the MSDH was dismissed in Chancery Court for her own failure to prosecute. Plaintiff appears to have concluded that it would be more desirable for the federal courts to become intimately involved with the details of the inspections of her facility carried out by MSDH officials. As such, plaintiff has sought this court's intervention regarding the specifics of the inspections in this case, including seemingly minute details such as whether she is permitted to videotape the inspections as they are carried out. As this litigation has continued, the concerns have continued to grow in this court's mind as to precisely what this case might have to do with the U.S. Constitution and/or federal law. If plaintiff should desire injunctive relief against the MSDH, it seems far preferable that she seek that relief from a Mississippi chancery court which is charged by statute with reviewing the decisions of the MSDH and which has developed experience in doing so.

3. In their brief, defendants set forth persuasive arguments as to why this court should exercise

its discretion to abstain from hearing this matter pursuant to *Younger* and/or *Burford* abstention. While a review of authority indicates that the scope of both forms of abstention are somewhat unclear, the court agrees with defendants that the State of Mississippi's strong interest in the prevention of child abuse and in the safe operation of day care centers counsels against this court attempting to micro-manage such inspections on vague and seemingly inapplicable Constitutional grounds. This is particularly true considering that the MSDH is already part of an extensively regulated state administrative scheme, and considering also that plaintiff has, in the past, allowed her remedies under that scheme to lapse. Moreover, to reiterate, it is not clear to this court that the requested injunctive relief in this case is based upon anything more than a bare assertion of violations of federal law. Clearly, considerations of comity and good sense dictate against this court interjecting itself into the manner in which the MSDH carries out the inspections of plaintiff's facility. For the foregoing reasons, the court concludes that it should abstain from hearing any further requests for injunctive relief in this case.

The court also has before it a motion to reconsider its prior order dismissing plaintiff's claims for monetary damages against MSDH officials. While this court remains very skeptical that plaintiff might be able to establish any right to recover monetary damages against any of the individual inspectors in this case, the court does conclude that plaintiff's claims against MSDH inspectors (as opposed to other officers) are best considered in the context of the doctrine of qualified, rather than absolute, immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 274-276, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993) (finding absolute immunity may not apply to investigatory actions). While the court's 12(b)(6) dismissal appears to have been proper with regard to most defendants, it does seem advisable for the court to consider any qualified immunity issues in the context of a motion for summary

3

judgment, following any additional discovery which is needed by the parties.  As part of the consideration of any such motion, the parties should submit *specific* and factually-supported arguments regarding whether any particular defendant might have violated clearly established principles of Constitutional law so as to not be entitled to a qualified immunity defense.

For the foregoing reasons, the court hereby abstains from hearing plaintiff's request for injunctive relief, and plaintiff's motion [3-1] for temporary restraining order and preliminary injunction is dismissed.  Plaintiff's motion to reconsider [22-1] is granted in part and denied in part.  Plaintiff's first motion for contempt [26-1] is dismissed as moot.

SO ORDERED this the 25th day of August, 2006

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**